[Cite as *Coen v. Dennison*, 2014-Ohio-3094.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JERRY COEN

     Plaintiff-Appellant

-vs-

VILLAGE OF DENNISON, ET AL

     Defendant-Appellee

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. W. Scott Gwin, J.
Hon. Craig R. Baldwin, J.

Case No. 2013 AP 08 0036


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2012 CT 03 0237 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 10, 2014 |
| APPEARANCES: | |

For Plaintiff-Appellant

DAN GUINN
Guinn Law Firm, LLC
118 West High Avenue
New Philadelphia, Ohio 44663

For Defendant-Appellee

MARK W. BASERMAN, SR.
Baserman Law Office
45 South Monroe Street
Millersburg, Ohio 44654-1424

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant Jerry Coen appeals the July 23, 2013 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which granted the motion for summary judgment filed by defendants-appellees Village of Dennison, Ohio, Dennison Police Department, Police Chief Rob Hunt, and Officer Jimmy McConnell, and dismissed Appellant's complaint with prejudice.

STATEMENT OF THE FACTS AND CASE

**{¶2}** In late November, 2010, Appellant was arrested and charged with two counts of child endangering arising from a November 25, 2010 incident involving his 8 and 10 year old sons. The charges were dismissed on March 9, 2011. On March 11, 2011, two complaints charging domestic violence stemming from the November 25, 2010 incident were filed. The matter proceeded to trial on May 11, 2011, after which Appellant was acquitted of the charges.

**{¶3}** On March 12, 2012, Appellant filed a civil complaint against Appellees, alleging abuse of process, malicious prosecution, negligence, and negligent infliction of emotional distress. Appellant claimed he was injured by the actions of police officers in the course of their duties to and employment with Appellee Dennison Police Department. Appellant further alleged charges should not have been filed against him initially. Appellees filed a timely answer.

**{¶4}** Appellees filed a motion for summary judgment on June 12, 2013, to which Appellant responded on June 17, 2013. The trial court conducted a hearing on July 22, 2013. Via Judgment Entry filed July 23, 2013, the trial court granted summary judgment in favor of Appellees and dismissed Appellant's complaint with prejudice.

**{¶5}** It is from this entry Appellant prosecutes this appeal, assigning as error:

{¶6}　"I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING THE DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT SINCE THERE IS A GENUINE DISPUTE OF MATERIAL FACTS."

**STANDARD OF REVIEW**

{¶7}　Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶8}　Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶9}　It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The standard for granting summary judgment is delineated in Dresher v. Burt, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that

demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ,* 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

## ANALYSIS

{¶10} In his sole assignment of error, Appellant challenges the trial court's decision to grant summary judgment in Appellees' favor and to dismiss his complaint.[1]

## NEGLIGENCE CLAIM

{¶11} R.C. 2744.02(A)(1) provides "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Political subdivision immunity is not absolute, however.    R.C. 2744.02(B) provides five

---

[1] Appellant does not assign as error the trial court's grant of summary judgment with respect to the emotional distress claim nor his request for punitive damages.

exceptions to immunity, which can expose the political subdivision to liability.  Those exceptions are:

(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability: * * *

(2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * *

(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function  * * *

(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, * * *.

{¶12} Immunity is extended to claims against individual employees of political subdivisions pursuant to R.C. 2744.03, which provides, in pertinent part:

* * *

(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. * * *

{¶13} Appellees contend Chief Hunt and Officer McConnell are immune from any liability for negligence pursuant to R.C. Chapter 2744 as their alleged acts of negligence do not demonstrate malicious purpose or bad faith nor constitute wanton or reckless conduct. Appellee Village of Dennison submits Appellant neither pled nor proved the applicability of any exception to the blanket immunity of R.C. Chapter 2944. In addition, Appellee Dennison Police Department maintains it is not *sui juris* and

Appellant did not assert a claim against the Department relative to the officers' employment.

{¶14} Upon review of Appellees' motion for summary judgment and Appellant's response thereto, we find Appellant failed to present any Civ. R. 56 quality evidence to prove the existence of any issues of material fact. Appellant maintains he "would have been able to make a prima facie case of damages in this case." Brief of Appellant at page 8, unpaginated. Appellant submits he "would testify" and the evidence "would show" he was injured by Appellees. Speculation as to what the evidence will reveal is not sufficient to meet Appellant's burden at the summary judgment stage.

{¶15} We find the trial court did not err in granting summary judgment to Appellees on Appellant's negligence claims.

## ABUSE OF PROCESS CLAIM

{¶16} In his Brief to this Court, Appellant challenges the trial court's dismissal of his abuse of process claim. However, upon review of the record, and despite the caption of the complaint noting such a claim, we find Appellant did not plead a claim of abuse of process. Appellant merely contends "there was a lack of probable cause." We find the trial court properly dismissed this claim.

## MALICIOUS PROSECUTION CLAIMS

{¶17} Appellant asserted two claims of malicious prosecution against Appellee Village of Dennison.

{¶18} In order to succeed on a malicious prosecution claim, the plaintiff must establish the lack of probable cause in instituting the criminal proceeding. *Pierce v. Woyma,* 8th Dist. No. 94037, 2010–Ohio–5590, ¶ 19 (stating that "lack of probable

cause is the gist of the action"). "In determining whether the defendant, in instituting the criminal proceeding, acted without probable cause, his conduct should be weighed in view of his situation at the time, and of the facts and circumstances which he knew or was reasonably chargeable with knowing when the proceedings were instituted." *Melanowski v. Judy,* 102 Ohio St. 153, 156, 131 N.E. 360 (1921).

**{¶19}** "Probable cause exists when a defendant had a reasonable ground of belief, supported by trustworthy information and circumstances known to the defendant which would be sufficiently strong to cause a reasonable careful person, under similar circumstances, to believe that the prior proceedings and method of presenting the action were reasonable and lawful. There is no requirement that the defendant must have evidence that will ensure a conviction." *Deoma v. Shaker Heights,* 68 Ohio App.3d 72, 77, 587 N.E.2d 425 (8th Dist.1990) (citations omitted). A plaintiff cannot establish lack of probable cause simply by showing that the claimant was acquitted of the crime charged. *Pierce* at ¶ 19.

**{¶20}** We find Appellant failed to present any evidence of the quality required by Civ. R. 56 to establish a genuine issue as to the lack of probable cause. Appellant merely asserts the second criminal action should not have been filed as the original charges against him had been dismissed. We find the information relied upon by Appellees in arresting and charging Appellant was sufficient to establish probable cause. The lack of sufficient evidence to convict does not negate the probable cause existing at the time of the filing of the charges. *Huber v. O'Neill*, 66 Ohio St. 2d 28, 30 (1981).

**{¶21}** The trial court did not err in granting summary judgment to Appellees on the malicious prosecution claims.

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM

**{¶22}** In his Brief to this Court, Appellant acknowledged he did not establish a prima facie case of negligent infliction of emotional distress.

**{¶23}** Based upon the foregoing, we find the trial court did not err in granting summary judgment to Appellees and dismissing Appellant's complaint.[2]

**{¶24}** Appellant's sole assignment of error is overruled.

**{¶25}** The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J.  and

Baldwin, J. concur

---

[2] We agree Appellee Dennison Police Department is not *sui juris*.