[Cite as *David v. Matter*, 2017-Ohio-7351.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Jim David, Jr. as Administrator of
the Estate of James David, Sr., et al.

Court of Appeals No. S-17-006

     Appellee

Trial Court No. 16 CV 635

v.

Jeffrey Matter, et al.

**DECISION AND JUDGMENT**

     Appellants

Decided:  August 25, 2017

* * * * *

Alphonse A. Gerhardstein, Adam Gerhardstein, Jennifer L. Routte
and C. Christopher Alley, for appellee.

John T. McLandrich, Frank H. Scialdone, and Tami Z. Hannon,
for appellants.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellants, Jeffrey Matter and Erik Lawson, appeal from the December 30, 2016 judgment of the Sandusky County Court of Common Pleas, which denied appellants' motion for partial judgment on the pleadings regarding the claim of appellee,

Karen David, for negligent infliction of emotional distress. For the reasons which follow, we affirm.

**{¶ 2}** Jim David, Jr., Administrator of the Estate of Jim David, Sr., deceased, and appellee, the decedent's spouse, brought a wrongful death action against appellants, two city of Bellevue police officers who shot and killed James David, Sr. in 2010 while they were responding to a call about a man with a gun. Appellee also alleged a claim of negligent infliction of emotional distress, which is the subject of this appeal.

**{¶ 3}** Appellants moved for partial judgment on the pleadings, pursuant to Civ.R. 12(C), seeking judgment in their favor on the negligent infliction of emotional distress claim because, on its face, it is a negligence claim and appellants are protected against negligence claims by statutory immunity under R.C. 2744.03(A)(6). Appellee opposed the motion on the ground that she had also alleged that appellants had acted recklessly, which would preclude statutory immunity.

**{¶ 4}** The trial court found that while appellee did not include allegations of reckless conduct within the negligence claim, there were such allegations elsewhere in the general allegations of the complaint. Therefore, the court concluded that appellee had made a claim of negligent infliction of emotional distress based on alleged reckless behavior, which would overcome the immunity granted to appellants by statute. Therefore, the trial court denied appellants' motion.

2.

**{¶ 5}** On appeal, appellants assert the following single assignment of error:

THE TRIAL COURT DENIED DEFENDANTS/APPELLANTS JEFFREY MATTER AND ERIK LAWSON THE BENEFIT OF IMMUNITY UNDER OHIO REVISED CODE CHAPTER 2744 (T.D. 12, RULING ON DEF.S' MOT. FOR PARTIAL JUDGMENT ON THE PLEADINGS: (APX. 1)).

**{¶ 6}** Ordinarily, the denial of a motion to dismiss is not a final, appealable order. *Meyer v. Daniel*, 147 Ohio St. 27, 67 N.E.2d 789 (1946); *State v. Hartman*, 9th Dist. Medina No. 15CA0090-M, 2017-Ohio-1089, ¶ 11; *Lakewood v. Pfeifer*, 83 Ohio App.3d 47, 49-50, 613 N.E.2d 1079 (8th Dist.1992). However, it is a final order when the motion to dismiss involves the determination of whether sovereign immunity under R.C. Chapter 2744 applies. R.C. 2744.02(C).

**{¶ 7}** Civ.R. 12(C) permits the trial court to award judgment based solely on the pleadings after the time for filing the pleadings has closed if the court: "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996), citing *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99, 616 N.E.2d 519 (8th Dist.1992); *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106, ¶ 13-14, 31 (8th Dist.). The trial court must consider only the allegations in the

3.

complaint and presume the truth of the facts set forth in the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113 (1973). There must be no material question of fact and the movant must be entitled to judgment as a matter of law. *Pontious* at 570, citing *Burnside v. Leimbach*, 71 Ohio App.3d 399, 403, 594 N.E.2d 60 (10th Dist.1991) and *Peterson*. Therefore, we apply a de novo standard of review on appeal. *McMullian v. Borean*, 167 Ohio App.3d 777, 2006-Ohio-3867, 857 N.E.2d 180, ¶ 8 (6th Dist.).

{¶ 8} In consideration of the motion, "the principles of notice pleading apply and 'a plaintiff is not required to prove his or her case at the pleading stage.'" *Piispanen v. Carter*, 11th Dist. Lake No. 2005-L-133, 2006-Ohio-2382, ¶ 10, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991). If the plaintiff has alleged "a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *Id.* at 145. While the plaintiff must plead the operative facts with particularity in some cases, *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991), the plaintiff in sovereign immunity case does not. *York*; *Gomez v. Noble Cty. Children Servs.*, 7th Dist. Noble No. 09 NO 361, 2010-Ohio-1538, ¶ 18.

{¶ 9} Appellants argue the trial court erred as a matter of law by denying their partial motion to dismiss. Appellants argue that an allegation of reckless conduct supports only a cause of action for intentional or reckless infliction of emotional distress,

4.

which was not asserted by appellee.  *Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 48-49, 570 N.E.2d 1076 (1991).

{¶ 10} R.C. Chapter 2744 grants political subdivisions and their employees immunity from tort liability with certain exceptions.  "R.C. Chapter 2744 does not create a right of action, [it] only addresses immunity from certain causes of action."  *Gomez* at ¶ 16.  The chapter "generally shields political subdivisions from tort liability in order to preserve their fiscal integrity."  *Riscatti v. Prime Properties Ltd. Partnership*, 137 Ohio St.3d 123, 2013-Ohio-4530, 998 N.E.2d 437, ¶ 15.

{¶ 11} The "General Assembly set forth different degrees of care that impose liability * * * on an employee of a public subdivision."  *Anderson v. City of Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶ 23.  They have absolute immunity from tort liability "unless the employee's actions or omissions are manifestly outside the scope of employment or the employee's official responsibilities, the employee's acts or omissions were malicious, in bad faith, or wanton or reckless, or liability is expressly imposed upon the employee by a section of the Revised Code."  *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 17, citing R.C. 2744.03(A)(6).  *See also Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 10 (apply R.C. 2744.03(A)(6) to determine whether a political subdivision employee can claim immunity from tort liability and not the three-tiered analysis used to determine whether a political subdivision is immune from liability).

5.

Because R.C. 2744.03(A)(6) gives rise to a presumption of immunity, the plaintiff must allege that one of the exceptions to immunity applies to overcome a Civ.R. 12(C) motion.

{¶ 12} Applicable to this case is R.C. 2744.03(A)(6)(b), which provides that an employee of a political subdivision forfeits his immunity if his "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." Reckless conduct is defined as "conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Anderson* at ¶ 34, citing *Thompson v. McNeill*, 53 Ohio St.3d 102, 104-105, 559 N.E.2d 705 (1990), *modified in part on other grounds by Anderson* at paragraph one of the syllabus, and 2 Restatement of the Law 2d, Torts, Section 500, at 587 (1965).

{¶ 13} The determination of whether immunity is available to a political subdivision employee is a question of law, but whether it is applicable to a given case is a factual issue. *Conley v. Shearer*, 64 Ohio St.3d 284, 292, 595 N.E.2d 862 (1992); *Nease v. Med. College Hosp.*, 64 Ohio St.3d 396, 400, 596 N.E.2d 432 (1992); *Gates v. Leonbruno*, 2016-Ohio-5627, 70 N.E.3d 1110, ¶ 37 (8th Dist.) (question of whether an employee acted recklessly is a question of fact); *Matter v. City of Athens*, 2014-Ohio-4451, 21 N.E.3d 595, ¶ 31 (4th Dist.), citing *Hall v. Fort Frye Local School Dist. Bd. of Edn.*, 111 Ohio App.3d 690, 694, 676 N.E.2d 1241 (4th Dist.1996).

{¶ 14} Appellees alleged a claim of negligent infliction of emotional distress. The prima facie elements of the tort are: (1) the plaintiff witnessed and/or experienced a real

6.

or impending danger to another, (2) the defendant's conduct negligently caused the dangerous incident, and (3) the defendant's conduct was the proximate cause of plaintiff's serious and reasonably foreseeable emotional distress. *High v. Howard*, 64 Ohio St.3d 82, 86, 592 N.E.2d 818 (1992), *overruled on other grounds in Gallimore v. Children's Hosp. Med. Cent*., 67 Ohio St.3d 244, 255, 617 N.E.2d 1052 (1993); *Paugh v. Hanks*, 6 Ohio St.3d 72, 451 N.E.2d 759 (1983), paragraphs three and four of the syllabus; *Walker v. Firelands Community. Hosp*., 170 Ohio App.3d 785, 2007-Ohio-871, 869 N.E.2d 66, ¶ 59 (6th Dist.). This tort is generally asserted by a bystander because she witnessed another person in danger and the defendant was unaware of the presence of the bystander.

{¶ 15} In order to proceed with her claim against an employee of a political subdivision, however, appellee was required to show appellants acted with malice, or in a wanton or reckless manner to satisfy R.C. 2744.03(A)(6)(b). An allegation of mere negligence in the exercise of an officer's official duties would not support a claim of personal liability. *Fabrey v. McDonald Village Police Dept*., 70 Ohio St.3d 351, 356, 639 N.E.2d 31 (1994) (allegations of negligence per se are insufficient to defeat the defense of statutory immunity); *Tuleta v. Med. Mut. of Ohio*, 8th Dist. Cuyahoga No. 100050, 2014-Ohio-396, 6 N.E.3d 106, ¶ 50, 58 (plaintiff failed to allege operative facts of malice, bad faith, or wanton or reckless conduct); *Coen v. Village of Dennison*, 5th Dist. Tuscarawas No. 2013 AP 08 0036, 2014-Ohio-3094, ¶ 3, 13 (summary judgment granted to defendant because plaintiff asserted a claim of negligent infliction of

7.

emotional distress without any allegations of malicious purpose, bad faith, or wanton or reckless conduct); *Kravetz v. Streetsboro Bd. of Edn.*, 11th Dist. Portage No. 2011-P-0025, 2012-Ohio-1455, ¶ 42 (negligent infliction of emotional distress claim not dismissed because the facts were unclear whether the claim arose out of the employment relationship).

{¶ 16} Appellants correctly note, however, that recklessness is associated with the tort of intentional infliction of emotional distress, a claim appellee did not assert. The prima facie elements of a claim for intentional or reckless infliction of emotional distress are: (1) the defendant intended to or recklessly caused the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct was the proximate cause of plaintiff's serious emotional distress. *Phung v. Waste Mgt., Inc.*, 71 Ohio St.3d 408, 410, 644 N.E.2d 286 (1994). Generally, this tort is asserted by the victim of the defendant's conduct, not a bystander.

{¶ 17} The issue in this case is whether appellee was required to allege an intentional tort or a negligent tort with the added allegation of recklessness. We think the latter is appropriate. Appellee must assert that appellants acted recklessly in order to overcome the general grant of immunity. In one sense, the heightened intent allegation converts the negligence-based tort into an intentional/reckless tort. But that result does not place a burden on the plaintiff to allege an intentional/reckless tort in the first place. An "employee's entitlement to statutory immunity is a separate question from the plaintiff's ability to establish the elements of his or her claim." *Argabrite v. Neer*, 149

8.

Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161, ¶ 10. *See also Webb v. Edwards*, 165 Ohio App.3d 158, 2005-Ohio-6379, 845 N.E.2d 530, ¶ 31 (4th Dist.). The negligent tort claim still remains viable, although at a higher level of intent than what would normally be required because of the status of the defendant. *Bowman v. Downs*, 8th Dist. Cuyahoga No. 104880, 2017-Ohio-1287, ¶ 20, quoting *Yonkings v. Piwinski*, 10th Dist. Franklin Nos. 11AP-07, 11AP-09, 2011-Ohio-6232, ¶ 8, 43.

{¶ 18} However, there are a number of cases where a claim of negligent infliction of emotional distress was dismissed on the basis that it is only a negligence claim. *Piro v. Franklin Twp.*, 102 Ohio App.3d 130, 143, 656 N.E.2d 1035 (9th Dist.1995) (negligent infliction of emotional distress claim dismissed even though a question of fact existed as to whether the defendant acted maliciously, recklessly, or in bad faith); *Hunt v. City of Toledo Law Dept.*, 881 F.Supp.2d 854, 885-886 (N.D.Ohio 2012) (while the allegations of negligent, reckless, or intentional conduct were unclear, the court dismissed the claim of negligent infliction of emotional distress because Ohio law does not allow a negligence claim against a governmental employee and dismissed the claim of intentional or reckless infliction of emotional distress because there were no allegations of actual physical injury or a severe and disabling emotional distress); *Ward v. Cty. of Cuyahoga*, 721 F.Supp.2d 677, 695 (N.D.Ohio 2010) (an argument that the "conduct which caused the emotional distress was reckless and wanton" was inconsistent with plaintiffs' claim of negligent infliction of emotional distress).

9.

{¶ 19} In other cases, the courts look beyond the name of the cause of action to the operative facts alleged to determine if an exception to immunity has been asserted or evidence of an exception had been presented. *See Stoll v. Gardner*, 182 Ohio App.3d 214, 2009-Ohio-1865, 912 N.E.2d 165, ¶ 14 (9th Dist.) (summary judgment warranted as to claims of defamation, malicious prosecution, false arrest and false imprisonment, intentional and negligent infliction of emotional distress, and negligent training and supervision, because plaintiff did not submit sufficient evidence to create a material question of fact as to whether one of the exceptions to immunity under R.C. 2744.03(A)(6) applied); *Piispanen v. Carter*, 11th Dist. Lake No. 2005-L-133, 2006-Ohio-2382, ¶ 29 (although the claims were "presented in terms of negligence," appellees also alleged "willful and wanton misconduct on the part of [the political subdivision employee]," which led to injury and appellees "may be able to prove some set of facts which would warrant recovery" against the political subdivision employee); *Gomez v. Noble Cty. Children Servs.*, 7th Dist. Noble Nos. 09, 361, 2010-Ohio-1538, ¶ 19, 62 (pro se plaintiff adequately pled a tort cause of action for negligence simply by setting forth the operative facts to support his claim, as well as allegations of malicious, reckless, or wanton conduct by the defendant, but the allegation of recklessness was sufficient as a matter of law to establish that one of the exceptions to sovereign immunity under R.C. 2744.03(A)(6) applied).

{¶ 20} We find that the claim of negligent infliction of emotional distress by a bystander can be asserted against a political subdivision employee so long as the

10.

bystander also alleges the employee actions met one of the higher standards of intent identified in R.C. 2744.03(A)(6). We reject appellants' argument that statutory immunity automatically bars a negligent infliction of emotional distress claim.

{¶ 21} Appellants also argue that while appellee alleged in her complaint appellants acted recklessly in the manner in which they approached the decedent and recklessly created a dangerous, threatening situation, appellee only asserted appellants acted negligently in reference to her negligent infliction of emotional distress claim.

{¶ 22} While appellee did not assert that appellants acted recklessly within the body of appellee's negligence claim, there were sufficient references to appellants' reckless conduct in the general statements of the complaint. Civ.R. 8(A) only requires notice pleading: "a short and plain statement of the claim showing that the pleader is entitled to relief." *Cincinnati v. Beretta U.S.A. Corp*., 95 Ohio St.3d 416, 768 N.E.2d 1136, 2002-Ohio-2480, ¶ 5; *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs*., 65 Ohio St.3d 545, 548-549, 605 N.E.2d 378 (1992).

{¶ 23} In this case, we find it is clear appellee asserted a negligence cause of action against the two political subdivision employees and personal liability based on their reckless conduct.

{¶ 24} Therefore, appellants' sole assignment of error is found not well-taken.

{¶ 25} Having found that the trial court did not commit error prejudicial to appellants and that substantial justice has been done, the judgment of the Sandusky

11.

County Court of Common Pleas is affirmed.  Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       

Thomas J. Osowik, J.      
CONCUR.

_____
JUDGE

_____
JUDGE

James D. Jensen, P.J.,
DISSENTS.

**JENSEN, P.J., dissenting.**

{¶ 26} Because I would hold that the trial court erred in denying appellants' motion for partial judgment on the pleadings concerning appellee's claim for negligent infliction of emotional distress, I respectfully dissent.

{¶ 27} The issue in this case, as stated by the majority, is "whether appellee was required to allege an intentional tort or a negligent tort with the added allegation of

recklessness." In finding that the latter of the two options is appropriate, the majority holds that a claim of negligent infliction of emotional distress may be brought against a political subdivision employee who would otherwise qualify for immunity under R.C. 2744.03 so long as the claim is accompanied by an allegation that the employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. The majority "reject[s] appellants' argument that statutory immunity automatically bars a negligent infliction of emotional distress claim." Because I find that R.C. 2744.03 entitles an employee of a political subdivision to immunity for claims premised upon negligent conduct, I strongly disagree with the majority's holding.

{¶ 28} The tort of negligent infliction of emotional distress is, by definition, premised upon negligent conduct and is therefore subject to dismissal under R.C. 2744.03 in this case. In *Piro v. Franklin Twp.*, 102 Ohio App.3d 130, 143, 656 N.E.2d 1035 (9th Dist.1995), the court found that a claim for negligent infliction of emotional distress was subject to dismissal despite the existence of a question of fact as to whether the defendant acted maliciously, recklessly, or in bad faith because "a tort claim grounded in negligence is inconsistent with R.C. 2744.03(A)(6)(b), which requires a higher level of culpability in order to remove the immunity of political subdivision employees." Likewise, in *Tuleta v. Medical Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106, ¶ 58 (8th Dist.), the court summarily rejected a claim for negligent infliction of emotional distress brought against a police officer based upon its recognition that "[a]n employee of a political subdivision is immune from liability for negligent acts or omissions."

13.

**{¶ 29}** Notwithstanding the foregoing, the majority concludes that an allegation of recklessness is sufficient to enable appellee to assert claims rooted in negligence against appellants. Notably, a claim seeking damages for the infliction of emotional distress premised upon reckless conduct is treated as a claim for intentional infliction of emotional distress under Ohio law. *See Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 48-49, 570 N.E.2d 1076 (1991) ("This court has recognized the torts of intentional or reckless infliction of emotional distress in *Yeager v. Local Union 20, supra,* and negligent infliction of emotional distress in *Schultz v. Barberton Glass Co., supra*."); *see also Reamsnyder v. Jaskolski*, 10 Ohio St.3d 150, 152, 462 N.E.2d 392 (1984) ("The intentional or reckless infliction of emotional distress is an independent tort which does not require an underlying tort for an injured party to recover."). Although appellee alleges recklessness in her complaint, the fact remains that negligent infliction of emotional distress is premised upon negligent conduct, not reckless conduct. Appellee's allegations of recklessness may give rise to a claim for intentional infliction of emotional distress, but her claim for negligent infliction of emotional distress must be dismissed because such claims are barred under the clear language of R.C. 2744.03. Therefore, I must dissent.

14.