[Cite as *Cirino v. Bur. of Workers' Comp.*, 2021-Ohio-1382.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Cirino, | : | |
| Plaintiff-Appellant, | : | No. 20AP-187 |
| | | (Ct. of Cl. No. 2018-1140JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Bureau of Workers' Compensation, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 20, 2021

**On brief:** *Bashein & Bashein Co., L.P.A.*, and *W. Craig Bashein*, and *John P. Hurst*; *Paul W. Flowers Co., L.P.A.*, and *Paul W. Flowers* and *Louis E. Grube*; *Charles J. Gallo Co., L.P.A.*, and *Charles J. Gallo*, for appellant. **Argued:** *Paul W. Flowers.*

**On brief:** *Dave Yost*, Attorney General, *Christopher P. Conomy*, and *Randall W. Knutti*, for appellee. **Argued:** *Christopher P. Conomy.*

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Michael Cirino ("Cirino"), appeals from a February 28, 2020 Decision and Judgment Entry issued by the Court of Claims of Ohio granting the motion of defendant-appellee, Bureau of Workers' Compensation ("BWC"), for summary judgment denying the motion of appellant for partial summary judgment and rendering judgment in favor of BWC. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} This case began in 2010, when Cirino sued BWC in the Cuyahoga County Court of Common Pleas, challenging the legality of fees incurred by certain BWC benefits

recipients. *Cirino v. Bur. of Workers' Comp.*, Ct. of Cl. No. 2018-01140JD, 2020-Ohio-3165, ¶ 3. BWC filed a motion to dismiss Cirino's suit for lack of subject-matter jurisdiction. *Id.* The common pleas court denied the motion to dismiss and, on appeal, the Eighth District Court of Appeals affirmed the judgment of the trial court. *Id.* On motion of BWC, the Supreme Court of Ohio granted discretionary review. *Id.*

{¶ 3} Subsequently, the Supreme Court reversed the appellate court, holding that Cirino's suit against BWC in the Cuyahoga County Common Pleas Court was within the exclusive jurisdiction of the Court of Claims and not within the subject-matter jurisdiction of the common pleas court. *Id.*, citing *Cirino v. Ohio Bur. of Workers' Comp.*, 153 Ohio St.3d 333, 2018-Ohio-2665 ("*Cirino I*"). The Supreme Court came to this conclusion after finding that Cirino's claims were legal claims, not equitable claims, regardless of how they were characterized by Cirino. *Cirino I* at ¶ 27. The Supreme Court vacated all orders issued by the common pleas court, including an order certifying a class, and remanded the case to the common pleas court for dismissal for lack of subject-matter jurisdiction. *Id.*, citing *Cirino I* at ¶ 1, 31.

{¶ 4} Thereafter, on August 1, 2018, Cirino filed a "class action complaint" in the Court of Claims that was based on the identical circumstances as those underlying the lawsuit in *Cirino I*. In discussing those circumstances and the evidence in *Cirino I* at ¶ 9-11, the Supreme Court stated as follows:

> Cirino began receiving workers' compensation benefits in 2009. He was entitled to $443 per week, which was paid to him on a biweekly basis in the amount of $886. At first he received his payments by paper check, which he deposited in his account with PNC Bank. After receiving a few paper checks, however, he was notified that his payments would be made electronically and he would be enrolled in the debit-card program if he did not elect to receive direct deposits. Cirino testified that he did not want to provide the bureau with his bank-account number, which was required in order to receive payments by direct deposit. He was therefore sent a debit card and enrolled in the debit-card program.
>
> After he received the debit card, Cirino activated it and made a withdrawal of his $886 biweekly benefit in cash from a teller at a Chase branch location. Later that same month, he attempted

> to make a second in-person withdrawal of $886, but his request was denied because his account did not have enough funds to provide him with $886 while also covering the $5 fee for making a second in-person withdrawal in the same month. Cirino then went to a teller at another branch and withdrew $881 in cash, incurring a $5 fee for the transaction.
>
> After this, Cirino spoke to an attorney, who informed him that the $5 charge was a service fee imposed by Chase. Cirino continued to withdraw cash through multiple teller visits per month, incurring numerous additional $5 fees.

Thus, Cirino's own testimony demonstrates he chose to incur the $5 fee charged by Chase in exchange for the convenience of a teller transaction, despite that he could have chosen to use several other methods for accessing his funds without incurring any such fee.[1] (Feb. 28, 2020 Decision at 3.)

{¶ 5} In this case, Cirino again asserts that BWC acted unlawfully in permitting JPMorgan Chase Bank, N.A. ("Chase Bank") to charge fees associated with a BWC-authorized "debit card program," which, according to Cirino's claim, resulted in BWC shifting administrative costs to BWC claimants in violation of R.C. 4123.341. (*See, generally,* Aug. 1, 2018 Compl., Count One.) Cirino also asserts that BWC violated its duties as set forth in R.C. 4123.67 by providing Cirino and other members of a proposed class of similarly situated individuals "with a method or mode of payment that was subject to monthly withholding of transaction fees, charges, costs, or expenses." *Id.* Cirino seeks legal, declaratory, injunctive, and other equitable relief.[2] *Id.*

---

[1] As pointed out by the Court of Claims in its decision, Mary Manderson, BWC's then-current Benefits Payable Manager, averred that the original fee schedule for the EBT card program "provided that every cardholder could access funds **without a fee** at any Chase or Allpoint ATM, through POS [point of service] transactions, and once per month through an in-person over-the counter withdrawal." (Emphasis added.) *Cirino*, 2020-Ohio-3165, at ¶ 4, citing June 6, 2019 Manderson Aff. at ¶ 10. Manderson also averred that "[a]ny benefit recipient who wished to avoid the fees associated with the convenience options in the EBT card program as administered through the Chase contract could do so in several ways: by enrolling in the direct deposit program, by applying for a hardship exemption to continue receiving payment by paper warrant, by accessing cash at any Chase or Allpoint ATM, by using the card like a credit card for POS and online transactions, and by limiting over-the-counter withdrawals." *Id.*, quoting Manderson Aff. at ¶ 17.

[2] Cirino's equitable claims include "restitution, unjust enrichment, and equitable disgorgement."

{¶ 6}   On November 29, 2018, BWC filed a motion for partial judgment on the pleadings pursuant to Civ.R. 12(C).  On January 10, 2019, the trial court granted the motion in favor of BWC on all of Cirino's equitable claims except his claims for declaratory relief and injunctive relief.  (Jan. 10, 2019 Decision at 8; Jgmt. Entry.)

{¶ 7}   On December 18, 2018, Cirino moved for class certification,[3] and on December 19, 2018, he moved for partial summary judgment on liability. On January 17, 2019, BWC moved: (1) for an extension of time to file responses to Cirino's motions for class certification and partial summary judgment; and (2) to stay any ruling on class certification until after the court issued a ruling on Cirino's motion for partial summary judgment on liability.  On February 8, 2019, the trial court granted BWC's motions, thereby staying consideration of Cirino's motion for class certification until all summary judgment proceedings had been determined and permitting BWC to file responses to Cirino's motions for class certification and partial summary judgment within 120 days of the court's entry.

{¶ 8}   Subsequently, on June 10, 2019, BWC filed a document titled "Defendant's Combined Motion for Summary Judgment and Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment on Liability."  In response, Cirino moved (1) for an extension of time until July 1, 2019, to submit a response to BWC's combined motion for summary judgment and memorandum in opposition, and (2) for leave to file a reply in support of Cirino's motion for class certification.  On June 21, 2019, the trial court granted Cirino's motions in two separate entries.

{¶ 9}   On July 2, 2019, Cirino filed a response to BWC's cross-motion for summary judgment and a reply in support of Cirino's motion for class certification, and also moved for leave to file a reply instanter.  That same day, BWC moved to strike Cirino's response and reply because Cirino failed to timely file them. On July 3, 2019, Cirino filed a response opposing BWC's motion to strike and also moved for leave to file a memorandum and

---

[3] Cirino requested that the court certify a class consisting of "[a]ll current and former participants in the Ohio Workers' Compensation system who were assessed fees under authority of the Chase Direct Payment Card Program — Agency Service Agreement that was approved by [BWC], and dated December 22, 2006, and as amended," excluding "(i) all attorneys of record in these proceedings and (ii) all members of the judiciary presiding over this action as well as their staff and their immediate families." (Dec. 18, 2018 Motion for Class Certification at 16.)

reply instanter. The trial court determined that, notwithstanding Cirino's response and reply filed on July 2, 2019 were untimely, both filings should be accepted in the interest of justice and BWC's motion to strike should be denied. (Feb. 28, 2020 Decision at 5.) The trial court further denied as moot both Cirino's motion of July 2, 2019 for leave to file a reply instanter and Cirino's motion of July 3, 2019 for leave to file a memorandum and reply instanter. *Id.*

{¶ 10} Thereafter, on February 28, 2020, the trial court issued a decision and concurrent judgment entry in which the trial court denied Cirino's motion for partial summary judgment on liability filed on December 19, 2018; denied as moot Cirino's motion for class certification filed on December 18, 2018; granted BWC's motion for summary judgment filed on June 10, 2019 on all remaining claims; and rendered judgment in favor of BWC. (Feb. 28, 2020 Decision at 15.)

{¶ 11} This timely appeal followed.

## II. Assignments of Error

{¶ 12} Appellant assigns three errors for our review:

> [1.] The Court of Claims erred, as a matter of law, by dismissing Plaintiff-Appellant's Claims for Equitable Relief upon the pleadings through Civ.R. 12(C).
>
> [2.] Given the undisputed factual record, the Court of Claims further erred as a matter of law by denying Plaintiff-Appellant's Motion for Summary Judgment upon liability and instead granting summary judgment in favor of Defendant-Appellee.
>
> [3.] Because a meritorious claim for monetary damages has been established in the evidentiary record, the Court of Claims also possesses subject matter jurisdiction over the claims for declaratory and injunctive relief.

## III. Discussion

### A. Appellant's First Assignment of Error

{¶ 13} In his first assignment of error, appellant asserts the Court of Claims erred, as a matter of law, by granting the motion of BWC for judgment on the pleadings pursuant to Civ.R. 12(C) and dismissing appellant's claims for equitable relief. We disagree.

{¶ 14} Civ.R. 12(C) states: "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings filed pursuant to Civ.R. 12(C) "has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted." *Tran v. State,* 10th Dist. No. 09AP-587, 2009-Ohio-6784, ¶ 10. In ruling on a motion for judgment on the pleadings, a trial court is permitted to "consider both the complaint and answer." *Zhelezny v. Olesh,* 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 8. The trial court "must construe all the material allegations of the complaint as true, and must draw all reasonable inferences in favor of the nonmoving party." *Id.* The court may grant the motion "if it finds, beyond doubt, that the plaintiff can prove no set of facts in support of the claim(s) that would entitle him or her to relief." *Id.* A motion for judgment on the pleadings under Civ.R. 12(C) "tests the allegations of the complaint and presents a question of law." *Id.* at ¶ 9. As such, an appellate court's "review of a decision to grant judgment on the pleadings is de novo." *Id.*

{¶ 15} As noted previously, in Count Two of the Complaint,[4] Cirino asserts equitable claims of restitution, unjust enrichment, and equitable disgorgement. The trial court granted the Civ.R. 12(C) motion of BWC to dismiss these claims, finding that because the case is a refiling of the lawsuit in *Cirino I,* "it follows that the factual basis for Cirino's equitable claims in this case are not substantially different from the factual basis for Cirino's equitable claims in *Cirino I.*" Reasoning further from that assumption, the court stated "[b]ecause both the lead opinion and concurrence in *Cirino I* indicated that Cirino's equitable claims should be viewed as seeking legal relief, it follows that the [sic] Cirino's equitable claims in this case should be viewed as legal claims." (Jan. 10, 2019 Decision at 7-8.) Thus, in essence, the trial court found that the Supreme Court's decision in *Cirino I* binds it to find that Cirino's equitable claims should be viewed as legal claims only and, therefore, that Cirino has stated "no set of facts in support of [his] equitable claims." (Jan. 10, 2019 Decision at 8.) We agree with the reasoning of the trial court and its

---

[4] The complaint in this case is virtually identical to the one filed originally in Cuyahoga County Common Pleas Court in 2010, and Cirino himself characterizes the complaint as a "refiling."

conclusion that Cirino has failed to state equitable claims for relief and that BWC is entitled to judgment as a matter of law on these claims.

{¶ 16} First, we point out that, as argued by BWC, neither "restitution" nor "equitable disgorgement" are claims or causes of action; rather, they are remedies. *See, e.g., Santos v. Ohio Bur. Of Workers' Comp.*, 101 Ohio St.3d 74, 2004-Ohio-28, ¶ 11 ("[h]istorically, restitution has been available both in equity and in law *as the remedy* for an unjust enrichment of one party at the expense of another") (emphasis addd); *see also Stepak v. Schey*, 51 Ohio St.3d 8, 15 (1990) (noting that disgorgement is a remedy for breach of fiduciary duty). Furthermore, as also argued by BWC, Cirino fails to state the elements of a claim for unjust enrichment, nor could he under the undisputed facts as alleged by Cirino in this case. Cirino is seeking reimbursement of the $5 per teller-transaction fee – but this fee is charged by and retained by Chase, *not* BWC, and the parties do not dispute this allegation. Therefore, there is no set of facts that would support an unjust enrichment claim against BWC in this case. *See Pohmer v. JP Morgan Chase Bank, N.A.*, 10th Dist. No. 14AP-429, 2015-Ohio-1229, ¶ 19.

{¶ 17} Moreover, we agree with the trial court that the holding in *Cirino I* precludes permitting Cirino's equitable claims to stand. The core finding of the Supreme Court in *Cirino I* is that the crux of Cirino's claims, regardless of how they are characterized, is a claim for legal money damages for reimbursement of the cumulative $5.00 teller fees he paid in accessing his BWC benefits. Specifically, as stated by the Supreme Court, "[t]he crux of the claim is therefore that the bureau has improperly allowed benefit recipients to be harmed by fees charged by Chase and that the proper relief is to have the bureau pay money to compensate for that loss. The claim therefore seeks compensatory relief—a classic form of legal relief." *Cirino I* at ¶ 27. Thus, the Supreme Court has already determined that all of Cirino's claims are legal claims, not equitable claims. It follows, then, that Cirino has failed to state claims for equitable relief, and BWC is entitled to judgment as a matter of law on these claims.

{¶ 18} Accordingly, the Court of Claims did not err in granting the motion of BWC for judgment on the pleadings pursuant to Civ.R. 12(C) and dismissing appellant's claims for equitable relief, and appellant's first assignment of error is overruled.

**B.  Appellant's Second Assignment of Error**

{¶ 19}   In his second assignment of error, appellant asserts the Court of Claims erred as a matter of law by denying appellant's motion for partial summary judgment on liability and granting summary judgment in favor of BWC.  We find no merit in this assignment of error.

{¶ 20}  An appellate court reviews summary judgment under a de novo standard. *You v. Northeast Ohio Med. Univ.*, 10th Dist. No. 17AP-426, 2018-Ohio-4838, ¶ 16, quoting *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 19, citing *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995). Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists; (2) the moving parties are entitled to judgment as a matter of law; and (3) reasonable minds viewing the evidence most strongly in favor of the nonmoving party could reach but one conclusion and that conclusion is adverse to the nonmoving party.  Civ.R. 56; *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 21} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact by pointing to specific evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies its initial burden, summary judgment is appropriate unless the nonmoving party responds, by affidavit or as otherwise provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle,* 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 22} A fact is "material" if it "might affect the outcome of the suit under the applicable substantive law." *Mitchell v. Mid-Ohio Emergency Servs., L.L.C.*, 10th Dist. No. 03AP-981, 2004-Ohio-5264, ¶ 12.  A "genuine" issue of material fact exists to prevent summary judgment only if "a reasonable jury could find that the evidence satisfies the

evidentiary standards required at trial." *Myocare Nursing Home, Inc. v. Fifth Third Bank*, 98 Ohio St.3d 545, 2003-Ohio-2287, ¶ 33.

{¶ 23} Finally, "[t]rial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356 (1992). "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998), citing *Turner v. Turner*, 67 Ohio St.3d 337, 341 (1993).

{¶ 24} As noted previously, in Count One of the complaint, Cirino alleges that BWC violated duties set forth in R.C. 4123.341 and 4123.67 prohibiting the shifting of administrative costs and expenses incurred by BWC in discharging its duties and the performance of its activities. The trial court found that neither of the statutes expressly creates a private right to bring a cause of action based on violation of the duties set forth therein. (Feb. 28, 2020 Decision at 9.) The trial court further found there was no indication of either "explicit or implicit legislative intent to create or deny a remedy through private right of action based on an allegation of impermissible shifting of administrative costs." *Id.* at 9-10. The trial court also determined that, assuming for the sake of argument that these statutes were meant to provide for an implied private right of action "under the circumstances of this case, the court, after viewing the evidence most strongly in favor of Cirino, would be compelled to conclude that: (1) no genuine issue of material fact remains to be litigated whether BWC improperly shifted administrative costs through the EBT card program; (2) BWC is entitled to judgment as matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion that is adverse to Cirino and the proposed class." (Feb. 28, 2020 Decision at 10-11.)

{¶ 25} As explained below, we agree with the trial court that neither R.C. 4123.341 nor 4123.67 provides for a private right to bring a cause of action, either express or implied. Therefore, as a matter of law, Cirino's claims fail and it was proper for the trial court to deny Cirino's motion for partial summary judgment. Likewise, because there is no private right

to bring a cause of action under these statutes, BWC is entitled to judgment as a matter of law, and the trial court properly granted its motion for summary judgment and found in favor of BWC on all claims.

{¶ 26} This court has held that "[c]ourts will not infer that a statute grants a private right of action unless the language of the statute indicates a clear intent that the legislature intended such a remedy." *Perkins v. Columbus Bd. of Edn.*, 10th Dist. No. 13AP-803, 2014-Ohio-2783, ¶ 15. And, as the Supreme Court has stated, actions "that do not sound in tort but seek recovery purely for a statutory violation will not necessarily lie against the state- - particularly if the statute in question provides no private right of action." *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, ¶ 37.

{¶ 27} Prior to *Perkins*, we discussed the three-part test used by Ohio courts to assist in determining whether a statute creates an implied private right of action where no such private right is expressly authorized. *Anderson v. Smith*, 10th Dist. No. 11AP-160, 2011-Ohio-5619, ¶ 10, citing *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080 (1975); *Strack v. Westfield Cos.*, 33 Ohio App.3d 336, 337 (9th Dist.1986); *Doe v. Adkins*, 110 Ohio App.3d 427, 435 (4th Dist.1996); *Gomez v. Noble Cty. Children Servs.*, 7th Dist. No. 09 NO 361, 2010-Ohio-1538 (Waite, J., concurring in part, dissenting in part). That test requires the court to consider: (1) whether the statute creates a right in favor of the plaintiff; (2) whether there is any indication of legislative intent, explicit or implicit, to create or deny a remedy through private right of action; and (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy. *Id.*, citing *Strack* at 337; *Adkins* at 435.

{¶ 28} R.C. 4123.341 prescribes how administrative costs of BWC are to be borne and provides as follows:

> The administrative costs of the industrial commission, the bureau of workers' compensation board of directors, and the bureau of workers' compensation shall be those costs and expenses that are incident to the discharge of the duties and performance of the activities of the industrial commission, the board, and the bureau under this chapter and Chapters 4121., 4125., 4127., 4131., and 4167. of the Revised Code, and all such costs shall be borne by the state and by other employers amenable to this chapter as follows:

(A) In addition to the contribution required of the state under sections 4123.39 and 4123.40 of the Revised Code, the state shall contribute the sum determined to be necessary under section 4123.342 of the Revised Code.

(B) The director of budget and management may allocate the state's share of contributions in the manner the director finds most equitably apportions the costs.

(C) The counties and taxing districts therein shall contribute such sum as may be required under section 4123.342 of the Revised Code.

(D) The private employers shall contribute the sum required under section 4123.342 of the Revised Code.

{¶ 29} R.C. 4123.67 provides that, subject to certain exceptions not relevant here, compensation provided to injured workers is exempt from attachment or execution. Specifically, the statute states:

Except as otherwise provided in sections 3119.80, 3119.81, 3121.02, 3121.03 and 3123.06 of the Revised Code, compensation before payment shall be exempt from all claims of creditors and from any attachment or execution, and shall be paid only to the employees or their dependents. In all cases where property of an employer is placed in the hands of an assignee, receiver, or trustee, claims arising under any award or finding of the industrial commission or bureau of workers' compensation, pursuant to this chapter, including claims for premiums, and any judgment recovered thereon shall first be paid out of the trust fund in preference to all other claims, except claims for taxes and the cost of administration, and with the same preference given to claims for taxes.

{¶ 30} Our review of the foregoing two statutes leads us to conclude that neither expressly provides for a private cause of action for the legal relief sought by appellant–i.e., monetary compensation for an alleged shifting of administrative fees. Instead, we find that the language of the statutes clearly and unambiguously establishes that no such private cause of action is expressly provided for.

{¶ 31} Furthermore, in applying the three-part test set forth in *Anderson* discussed above, we are likewise led to the conclusion that no private right of action should be inferred

from either statute. As for part one of the test, we have already found the statutes do not expressly create a private cause of action. Regarding part two of the test, as the trial court found, in this case there is no indication of either explicit or implicit legislative intent to create a remedy through private right of action premised on an allegation of prohibited shifting of administrative costs and expenses. Finally, regarding part three of the test, we are in complete agreement with the trial court that "to infer an implicit private right of action as a remedy is inconsistent with the legislative scheme of the Ohio workers' compensation system," which can be summarized as follows:

> The General Assembly established the Ohio Workers' Compensation system to **supplant** unsatisfactory common law remedies, not merely to supplement or amend those previously available. * * * The rights and duties thus created are purely statutory, resting not on any common law principles but **exclusively** on the grant of legislative authority by the enabling Workers' Compensation Act.

(Emphasis added.) (Feb. 28, 2020 Decision at 10, citing Fulton, *Ohio Workers' Compensation Law*, Section 1.1, at 2 (5th Ed.2018); *see also Indus. Comm. v. Weigandt*, 102 Ohio St. 1, 1 (1921); *Indus. Comm. v. Kamrath*, 118 Ohio St. 1, 3-4 (1928).

{¶ 32} In short, because neither of the statutes relied on by Cirino for his claims of entitlement to monetary compensation provides a private cause of action, his claims fail as a matter of law. Therefore, we find the trial court neither erred in denying Cirnio's motion for partial summary judgment on liability nor erred in granting BWC's motion for summary judgment. Accordingly, we overrule Cirino's second assignment of error.

## C. Appellant's Third Assignment of Error

{¶ 33} In Cirino's third assignment of error, he contends that a meritorious claim for monetary damages has been established by the evidentiary record and therefore the Court of Claims has subject-matter jurisdiction over Cirino's claims for declaratory and injunctive relief.

{¶ 34} This assignment of error is premised on the trial court's finding that it lacked subject matter jurisdiction over the claims for injunctive and declaratory relief in light of its finding that Cirino's claims failed as a matter of law. We have previously found that

the trial court correctly determined that Cirino's claims fail as a matter of law in overruling his second assignment of error; accordingly, this assignment of error is moot.

## IV. Disposition

{¶ 35} For the foregoing reasons, the trial court did not err in granting BWC's motion for partial summary judgment on the pleadings pursuant to Civ.R. 12(C), the trial court did not err in denying Cirino's motion for partial summary judgment on liability, and the trial court did not err in granting BWC's motion for summary judgment. Having overruled Cirino' first and second assignments of error and having found Cirino's third assignment of error moot, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN, P.J., and LUPER SCHUSTER, J., concur.