[Cite as *Trimbach v. Bath Twp.*, 2021-Ohio-2058.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| MATT TRIMBACH | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2020-CA-43 |
| | : | |
| v. | : | Trial Court Case No. 2020-CV-127 |
| | : | |
| BATH TOWNSHIP, OHIO | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of June, 2021.

. . . . . . . . . . .

DAVID M. DUWEL, Atty. Reg. No. 0029583, 130 West Second Street, Suite 2101, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellant

DOUGLAS HOLTHUS, Atty. Reg. No. 0037046 and CARA M. WRIGHT, Atty. Reg. No. 0084583, 175 South Third Street, Suite 1000, Columbus, Ohio 43215
    Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} In this employment case, Plaintiff-Appellant Matt Trimbach appeals from a judgment of the Greene County Court of Common Pleas, which granted Defendant-Appellee Bath Township's motion for judgment on the pleadings. For the reasons that follow, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} According to the complaint, Trimbach began work for Bath Township in February 2015 as a groundskeeper at Byron Cemetery. The complaint alleged that during his employment there, Trimbach observed many acts of fellow Township employees that violated the Township's rules and regulations, as well as laws of the State of Ohio. Specifically, Trimbach alleged that he witnessed co-workers urinate on cemetery grounds, hunt on cemetery grounds, repair weapons and personal vehicles during work hours, and sleep on the job. He also observed a casket submerged in a pool of water.

{¶ 3} Although he did not specify when, Trimbach averred that he reported these actions to his superiors and was subsequently placed on administrative leave. The complaint then alleged that, while on leave, he was accused of trespassing on cemetery property by a Greene County deputy and threatened with arrest. Finally, on June 5, 2019, Trimbach was terminated from his position.

{¶ 4} On February 18, 2020, Trimbach filed the complaint in this case alleging one cause of action: that his termination was wrongful and in violation of the public policy exception to Ohio's employment-at-will doctrine set forth in *Greeley v. Miami Valley Maintenance Contrs, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 1981 (1990). Bath Township filed its answer on March 16, 2020, and then filed a motion for judgment on the pleadings

on July 14, 2020. Trimbach responded, and on October 19, 2020, the trial court granted the judgment on the pleadings in favor of Bath Township. Trimbach now appeals.

## II. Judgment on the Pleadings

{¶ 5} In his lone assignment of error, Trimbach contends that the trial court erred when it granted Bath Township's motion for judgment on the pleadings.

{¶ 6} Crim.R. 12(C) provides that, after the pleadings are closed, but within a time as to not delay the trial, any party can move for judgment on the pleadings. "Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint." *Offil v. State Farm Fire & Cas. Co.*, 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, ¶ 14. In essence, it is a Civ.R. 12(B) motion to dismiss but filed after the pleadings are closed. *See Cirino v. Bur. of Workers' Comp.*, 10th Dist. Franklin No. 20AP-187, 2021-Ohio-1382, ¶ 14.

{¶ 7} "Unlike a Civ.R. 56 motion for summary judgment, which authorizes the court to evaluate evidentiary materials submitted for their probative worth, Civ.R. 12(C) imposes a structural test: whether on their face the pleadings foreclose the relief requested." *Greenview Local School Dist. Bd. of Edn. v. Staffco Constr., Inc.*, 2016-Ohio-7321, 71 N.E.3d 1275, ¶ 12 (2d Dist.). The non-moving party is entitled to have all the material allegations in the pleadings construed in his favor as true. *Id.* at ¶ 11. The trial court may grant a judgment on the pleadings only where no material factual issue exists and one of the parties is entitled to judgment as a matter of law. *Discover Bank v. Swartz*, 51. 2016-Ohio-2751, N.E.3d 694, ¶ 14 (2d Dist.).

{¶ 8} Trimbach's claim is based on a common law tort claim for wrongful discharge. In Ohio, the doctrine of employment-at-will governs employment relationships and,

usually, the act of terminating an at-will employee does not give rise to damages. *Dohme v. Eurand Am., Inc.*, 130 Ohio St.3d 168, 2011-Ohio-4609, 956 N.E.2d 825, ¶ 11. "However, if an employee is discharged or disciplined in contravention of a clear public policy articulated in the Ohio or United States Constitution, federal or state statutes, administrative rules and regulations, or common law, a cause of action for wrongful discharge in violation of public policy may exist as an exception to the general rule." *Id.*

{¶ 9} To be successful in a wrongful discharge in violation of public policy claim, a plaintiff must demonstrate: (1) *Clarity* - That clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in common law; (2) *Jeopardy* – That dismissing employees under these circumstances would jeopardize the public policy; (3) *Causation* – The dismissal was motivated by conduct related to that public policy; and (4) *Justification* – The employer lacked an overriding legitimate business justification for the dismissal. *Miracle v. Ohio Dept. of Veterans Servs.*, 157 Ohio St.3d 413, 2019-Ohio-3308, 137 N.E.3d 1110, ¶ 12.

{¶ 10} The *clarity* and *jeopardy* elements are questions of law for the court to decide, and the elements of *causation* and *justification* are questions of fact to be determined by the fact-finder. *House v. Iacovelli*, 159 Ohio St.3d 466, 2020-Ohio-435, 152 N.E.3d 178, ¶ 12.

{¶ 11} To state a claim of wrongful discharge in violation of public policy, "a plaintiff must allege facts demonstrating that the employer's act of discharging him contravened a clear public policy." *Painter v. Graley*, 70 Ohio St.3d 377, 384, 639 N.E.2d 51 (1994).

{¶ 12} In the case at bar, Trimbach heavily relies on paragraphs 15-16 of his complaint to allege a violation of clear public policy. Paragraph 15 lists alleged acts of

wrong-doing by his co-workers and matches the acts with statutory sections prohibiting them, including urinating on public property (R.C. 2917.11), disturbing a lawful meeting (R.C.2917.12), telecommunications harassment (R.C. 2917.21), and misconduct involving public transportation (R.C. 2917.41); illegal hunting (R.C. 1533.03 and Ohio Adm.Code 1501.31); and filing a false police report (R.C.2917.32). Finally, in this paragraph, Trimbach alleges that the actions of his co-workers "violated certain provisions of Chapter 517 Ohio Revised Code."

{¶ 13} Paragraph 16 then states: "Terminating an employee who reports violations of township rules and regulations and state law and administrative regulations, especially those impacting public health and safety violates the public policy of the state of Ohio."

{¶ 14} While Trimbach has cited multiple statutory and administrative code sections which he asserts establish clear public policy that meets the *clarity* element of his wrongful discharge claim, we find no clear manifestation of any public policy. There is no question that enforcement of Trimbach's cited statutes is important, but we cannot say that the statutory sections represent any clear public policy that was violated by his firing. Listing statutory sections is not enough to satisfy the *clarity* element of this test.

{¶ 15} Even if he could get past the first element, Trimbach fails to meet the second, *jeopardy*. "If the statute that establishes the public policy contains its own remedies, it is less likely that tort liability is necessary to prevent dismissals from interfering with realizing the statutory policy." *Johnson v. Honda of Am. Mfg., Inc.*, 221 F.Supp.2d 853, 856 (S.D.Ohio 2002). *See also Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 244, 773 N.E.2d 526 (2002). In other words, there is no need to recognize a common law action for wrongful discharge if there is already a statutory remedy that protects

society's interests. *See House,* 159 Ohio St.3d 466, 2020-Ohio-435, 152 N.E.3d 178, at ¶ 16.

{¶ 16} In this case, most of the statutes cited by Trimbach were criminal in nature and had built-in remedies sufficient to support the stated public policies. For instance, R.C. 2917.11 criminalizes disorderly conduct, R.C. 2917.12 proscribes interfering with a meeting and making gestures or displays that would outrage the sensibilities of a group, and R.C. 2917.41 makes it illegal to not pay a fare for public transportation. In addition, R.C. 2917.21 criminalizes telecommunication harassment. Each of those statutes has a built-in criminal penalty that supports the public policy, and Trimbach's dismissal did not interfere with the realization of any of them. Finally, Trimbach invoked Chapter 517 of the Ohio Revised Code, which governs the maintenance of township cemeteries. It is unclear what policy is embedded in that chapter or how Trimbach's termination jeopardized it.

{¶ 17} Listing statutes was not sufficient to meet the *clarity* element, and the *jeopardy* element was not established because Trimbach's dismissal did not jeopardize any public policy potentially embedded in the statutes. Consequently, it is unnecessary to evaluate the other elements of Trimbach's wrongful discharge in violation of public policy claim.

{¶ 18} Finally, it should be noted that, based on the facts pled in the complaint, both Bath Township and the trial court addressed this suit (at least in the alternative) as a whistleblower retaliation action under R.C. 4113.52. Trimbach, however, on multiple occasions during the briefing process, both here and below, disavowed that cause of action, insisting that his claim lay in common law. Because his argument and briefing were based solely on a wrongful discharge in violation of public policy claim, we take no

position on the merits of a whistleblower action.

{¶ 19} Even with all the material allegations in the pleadings construed in Trimbach's favor as true, no material factual issue existed, and Bath Township was entitled to judgment as a matter of law. The assignment of error is overruled.

### III.    Conclusion

{¶ 20} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

TUCKER, P.J., concurs:

{¶ 21} While I agree with the well-reasoned majority opinion, I write separately because judicial interpretation of the *Greely* clarity element is not entirely clear at all.  After setting forth the competing clarity interpretations, I will suggest the interpretation I find appropriate and consistent with the principle that "any exception to the employment-at-will doctrine should be narrowly applied."  *McGlothen v. City of Fairborn*, 2019-Ohio-141, 127 N.E.3d 527, ¶ 18 (2d Dist.), citing *Dean v. Consol. Equities Realty #3, L.L.C.*, 182 Ohio App.3d 725, 2009-Ohio-2480, 914 N.E.2d 1109, ¶ 12 (1st Dist.).

{¶ 22} Most courts take the position that to satisfy the clarity element, the public policy must "parallel the public policy set forth in Ohio's whistleblower statute * * * [.]" *Crowley v. St. Rita's Med. Ctr.*, 931 F.Supp.2d 824, 829-830 (N.D.Ohio 2013).  The whistleblower statute states that an employee has a duty to report the following:

> [A]ny state or federal statute or any ordinance or regulation of a political
>
> subdivision that the employee's employer has authority to correct, and the

employee reasonably believes that the violation is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety.

R.C. 4113.52(A)(1)(a). Further, the statute prohibits retaliation against an employee who reports a violation. R.C. 4113.52(B). Thus, "[i]n order to parallel the whistleblower policy, * * * the statute [or other source of public policy] must be one that 'imposes an affirmative duty on the employee to report a violation, [or] specifically prohibit[s] [an] employer[ ] from retaliating against [an] employee[ ] who [has] filed [a] complaint[ ], or that protect[s] the public health and safety.' " *Crowley* at 830, quoting *Dean* at ¶ 11. *See also Hale v. Volunteers of Am.*, 158 Ohio App.3d 415, 2004-Ohio-4508, 816 N.E.2d 259 (1st Dist.).

{¶ 23} However, some courts have taken a "more expansive view" of the clarity element. For example, in *Simonelli v. Anderson Concrete Co.*, 99 Ohio App.3d 254, 260 N.E.2d 488 (10th Dist.1994), the court found the clarity element satisfied when the public policy was the right to consult an attorney. But, under this circumstance, reporting was not required, retaliation was not prohibited, and neither employee nor public safety was at risk. *See also Kirk v. Shaw Environmental, Inc.*, N.D.Ohio No. 1:09-cv-1405, 2010 WL 1387887 (Mar. 31, 2010) (the Federal Corrupt Practices Act creates a clear public policy against bribery of foreign officials, but reporting is not required, retaliation is not prohibited, and neither employee nor public safety is at risk.)

{¶ 24} The Ohio Supreme Court has not specifically addressed the issue, but Supreme Court caselaw seems to support the conclusion that, to meet the clarity element, the public policy must either require employee reporting, prohibit retaliation for reporting, or relate to employee or public safety. *Crowley* at 830, citing *Sutton v. Tomco Machining,*

*Inc.*, 129 Ohio St.3d 153, 2011-Ohio-2723, 950 N.E.2d 938 (clarity element met where statute protects an employee who asserts a workers compensation claim); *Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 677 N.E.2d 308 (1997) (clarity element met when public policy is employee safety as reflected by the federal OSHA statute (29 U.S.C. 660 (c)) and related Ohio statutes).

{¶ 25} Consistent, I think, with both the rationale for the public policy exception and the admonition that any employment-at-will exception should be narrowly construed, I conclude that to satisfy the clarity element, the public policy must either require reporting, prohibit retaliation, or relate to employee or public safety. The public policies articulated by Trimbach's complaint did not meet this standard. As such, the trial court correctly concluded that the complaint did not state a cause of action upon which relief could be granted.

Copies sent to:

David M. Duwel
Douglas Holtus
Cara M. Wright
Michael A. Buckwalter