[Cite as *Wood v. Lynch*, 2022-Ohio-1381.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James Brent Wood, | : | No. 20AP289 |
| Individually and as Administrator of | | (Ct. of C.P. No. 18-CV-7393) |
| the Estate of Linda M. Wood, Deceased,: | | |
| | | |
| Plaintiff-Appellant, | : | |
| | | |
| v. | : | (REGULAR CALENDAR) |
| | | |
| David Patrick Lynch, D.O., et al., | : | |
| | | |
| Defendants-Appellees. | : | |

_____

DECISION

Rendered on April 26, 2022

_____

**On brief:** *Gregory B. Foliano, Grier D. Schaffer, and Laura Folkerth Cook* for appellees Mount Carmel Health System, Mount Carmel Health Providers III, LLC d/b/a Mount Carmel Health Providers, and Diley Ridge Medical Center and *John H. Burtch* for appellees David Patrick Lynch, D.O. and OhioHealth Primary Care Physicians.

**On brief:** *David I. Shroyer* for appellant.

_____

APPEAL from the Franklin County Court of Common Pleas

Hess, J.

{¶1}   Plaintiff-appellant James Brent Wood, individually and as administrator of the estate of Linda M. Wood, deceased, appeals a judgment of the Franklin County Court of Common Pleas that granted judgment on the pleadings to the appellees Mount Carmel Health System, Mount Carmel Health Providers III, LLC d/b/a Mount Carmel Health

Providers and Diley Ridge Medical Center (collectively "Mount Carmel Defendants") on the ground that Wood's claims against them are barred by the statute of repose governing medical claims, R.C. 2305.113(C).

{¶2} Wood contends that the only claim he asserts is a wrongful death claim governed by R.C. Chapter 2125 and that the statute of repose for medical claims in R.C. 2305.113(C) does not apply to wrongful death claims. Wood argues that the wrongful death statute creates a separate cause of action distinct and apart from the right of action the injured person might have had. Because a wrongful death claim is independent from the underlying claims of the decedent, Wood argues that the limitations on the underlying claim, such as statutes of limitations and statutes of repose, do not apply in a wrongful death action. He asks us to reverse the trial court's judgment.

{¶3} For the following reasons, we reverse.

## I.      Factual and Procedural Background

{¶4} On September 4, 2016, Wood found his wife Linda unresponsive on the floor and called for medical assistance. Linda was transported to Mount Carmel East Hospital and later pronounced dead. The Franklin County Coroner's Office performed an autopsy and determined that Linda Wood died because of acute intoxication by the combined effects of Oxycodone and Alprazolam.

{¶5} Wood sued the Mount Carmel Defendants for wrongful death on August 31, 2018. In a separate complaint, Wood sued David Patrick Lynch, D.O. and OhioHealth Primary Care Physicians on August 30, 2017 for medical negligence, loss of consortium, and wrongful death and the cases were consolidated. The complaints allege that Lynch treated Linda in February 2003 at Mount Carmel, Diley Ridge, Pickerington Run, and

Diley Ridge Medical Center for complaints of headaches, joint pain, carpal tunnel, arthritis, and a history of seizures. Lynch prescribed narcotics to Linda for pain. Wood alleged that in 2011, Lynch left those medical practices and began seeing patients, including Linda, at his new location, OhioHealth Primary Care on East Broad Street in Blacklick, Ohio. On September 4, 2016, Wood found Linda on the floor and unresponsive and called for medical assistance. Linda was transported to Mount Carmel East Hospital where she was later pronounced dead.

**{¶6}** The Mount Carmel Defendants filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C) and R.C 2305.113(C) in which they alleged that Lynch left his practice with them in 2011, which was the last time Lynch treated patients as their employee. The Mount Carmel Defendants argued that the four-year statute of repose in R.C. 2305.113(C) for medical claims applies to the claims Wood asserted against them and barred claims filed four years after he left their employ in 2011. Because Wood did not commence his action until August 2018, seven years after Lynch left their employ, the Mount Carmel Defendants argued that Wood's claims are barred by the statute of repose.

**{¶7}** The trial court determined that the claims Wood asserted against the Mount Carmel Defendants were "medical claims" as that term is defined in R.C. 2305.113(E)(3), which includes "Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." The trial court found that wrongful death claims "are derivative in nature." The trial court also found that Wood filed an affidavit of merit in the case, which is required when a medical claim is made under Civ.R. 10(D)(2). Because the trial court found the wrongful death claim was a derivative claim and Wood filed an affidavit of merit, his claims were "medical claims" to which the statute of repose applied. Therefore,

because the last occurrence of an act constituting the basis for Wood's claims occurring under a respondeat superior theory of liability against the Mount Carmel Defendants was in 2011 and Wood's complaints were not filed until 2017 and 2018, Wood's claims against the Mount Carmel Defendants were barred by R.C. 2305.113(C). The trial court dismissed all of Wood's claims against the Mount Carmel Defendants and found "there is no just cause of delay." Wood appealed.

## II. Assignment of Error

{¶8} Wood presents the following assignment of error:

1. The trial court erred when it applied the statute of repose for medical claims to a statutory wrongful death claim. (R. 70)

## III. Law and Analysis

### A. Standard of Review

{¶9} Because this is an appeal from a decision granting a motion for judgment on the pleadings under Civ.R. 12(C), we conduct a de novo review of all legal issues without deference to the determination of the trial court. *Cirino v. Bur. of Workers' Comp.*, 2021-Ohio-1382, 171 N.E.3d 840, ¶ 14 (10th Dist.). Under Civ.R. 12(C), after the "pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12. The moving party is entitled to judgment on the pleadings if, after construing all the material assertions in the complaint as true and considering all reasonable inferences in favor of the nonmoving party, the moving party is entitled to judgment as a matter of law. *Welther v. Plageman*, 10th Dist. No. 19AP-774, 2021-Ohio-713, ¶ 6.

### B. Wrongful Death Claim and the Statute of Repose for a Medical Claim

{¶10} Wrongful death claims are statutory in nature and governed by R.C. Chapter 2125. R.C. 2125.01 provides in part:

> When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances which make it aggravated murder, murder, or manslaughter.

{¶11} A wrongful death claim is a separate and unique claim, "distinct and apart from the right of action which the injured person might have had and upon the existence of which such new right is conditioned." *Karr v. Sixt,* 146 Ohio St. 527, 67 N.E.2d 331, 332 (1946), paragraph one of the syllabus.

{¶12} A wrongful death claim is separate and distinct from a medical negligence claim:

> 'Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person, and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries, and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong.'

*Klema v. St. Elizabeth's Hosp. of Youngstown*, 170 Ohio St. 519, 521, 166 N.E.2d 765, 768 (1960), quoting *St. Louis, Iron Mountain & S. Ry. Co. v. Craft,* 237 U.S. 648, 658, 35 S.Ct. 704, 706, 59 L.Ed. 1160 (1915).  The statute of limitations for a wrongful death claim is two years after decedent's death. *See* R.C. 2125.02(D)(1) ("Except as provided in division (D)(2) of this section, a civil action for wrongful death shall be commenced within two years after the decedent's death").

**{¶13}** Medical malpractice claims are derived from common law and subject to the four-year statute of repose in R.C. 2305.113(C). *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 291, 503 N.E.2d 717, 733 (1986). R.C. 2305.113(C) states:

> (C) Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:
>
> (1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.
>
> (2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

The statute of repose serves several policy considerations including: (1) providing medical providers with a specific time after which they might be "free from fear of litigation;" (2) minimizing concerns about the loss of evidence such as loss of witnesses, untrustworthy testimony due to faded memories, and loss of pertinent documents; (3) changing medical standards of care; (4) changing financial circumstances of practitioners who may have retired and no longer carry liability insurance; (5) insolvency of the practitioner's insurer or discontinuation of institutional medical providers. *Antoon v. Cleveland Clinic Found.,* 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 18, quoting *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 19-21.

**{¶14}** The issue raised in this appeal is whether the statute of repose for medical malpractice claims in R.C. 2305.113(C) applies to wrongful death actions under R.C. 2125.02. We recently addressed this question and held that the four-year statute of repose for medical malpractice claims in R.C. 2305.113(C) does not apply to wrongful

death claims under R.C. 2125.02. *See Everhart v. Coshocton Cty. Mem. Hosp.*, 10th Dist. No. 21AP-74, 2022-Ohio-629.

**{¶15}** In *Everhart*, a widow filed an action alleging, among other claims, a wrongful death claim against several physicians and a hospital arising from the death of her husband. One of the physicians filed a motion for judgment on the pleadings on the ground that the wrongful death claim was a medical claim under R.C. 2305.113(C) and barred by the statute of repose. The trial court granted the motion. We reversed it and held that a wrongful death claim originating out of a medical claim is not barred by the four-year statute of repose under R.C. 2305.113(C). *Id.* at ¶ 21. The *Everhart* analysis is on point and equally applicable here.

**{¶16}** The Mount Carmel Defendants contend that Wood incorrectly argues that only R.C. 2125.02 governs, when instead Wood's wrongful death action is based upon a medical claim and is therefore subject to and barred by the four-year statute of repose in R.C. 2305.113(C). However, in *Everhart* we rejected this argument. We examined the wrongful death statute, R.C. 2125.02, and determined that the only statute of repose applicable to wrongful death claims was in the products liability context as set forth in R.C. 2125.02(D)(2). After finding nothing ambiguous about R.C. 2125.02(D)(2), we held, "As there is no statute of repose for wrongful death claims originating out of a medical claim provided in R.C. 2125.02, or statute incorporated by reference, we conclude the General Assembly did not intend to create one in this context." *Id.* We further stated that even if the statutory language were ambiguous, applying rules of statutory construction we construed the statute to mean that medical claims were not included in the statute of repose.

> The General Assembly is aware that wrongful death claims may arise in a variety of other circumstances and decided to only provide a statute of repose in the products liability context. Accordingly, the most reasonable reading of R.C. 2125.02 is that the General Assembly intended to exclude other types of causes of action, such as medical claims, unless otherwise incorporated by reference in another statute.

*Id.* at ¶ 23.

**{¶17}** Wood argues that the trial court erred by categorizing the wrongful death claim as a derivative medical claim. The Mount Carmel Defendants argue that Wood's wrongful death claim is a medical claim as a matter of law and therefore must be governed by R.C. 2305.113(C). Again, in *Everhart* we rejected the argument that because the wrongful death and medical malpractice statutes deal with the same underlying claim then the statute of repose in R.C. 2305.113(C) applies. First, we noted that R.C. 2305.113 concerned limitation of actions and statute of repose for medical malpractice and did not contain "a single reference to wrongful death." *Id.* at ¶ 24-25. Second, we recognized the well-established principle that wrongful death and medical malpractice actions are "separate and unique causes of action even when the case is derived from a medical claim." *Id.* at ¶ 25. Third, we set forth the list of derivative claims for relief for purposes of a "medical claim" provided in R.C. 2305.113(E)(7) and determined that none of the causes of action identified as derivative claims include wrongful death. *Id.* at ¶ 26.

> "Because a wrongful death action is an independent cause of action, the right to bring the action cannot depend on the existence of a separate cause of action held by the injured person immediately before his or her death. *To conclude otherwise would convert the wrongful death action from an independent cause of action to a derivative action, one dependent on a separate cause of action.*" (Emphasis added.) *Thompson v. Wing*, 70 Ohio St.3d 176[, 183] (1994). (Brackets added.)

*Id.* Fourth, we recognized that the General Assembly has demonstrated its ability to include wrongful death claims when enacting statutes of repose such as in R.C. 2305.131,

the statute of repose for claims derived from unsafe conditions of real property, which states, in part, "no cause of action to recover damages for * * * wrongful death that arises out of a defective and unsafe condition of an improvement to real property * * * shall accrue * * * later than ten years from the date of substantial completion of such improvement." Therefore, the decision to leave out wrongful death claims in R.C. 2305.113 must be read as the clear intention to exclude wrongful death claims from the medical malpractice statute of repose. Finally, we cited the plain language of Ohio's borrowing statute, R.C. 2305.03, which addresses defenses based on time limitations and carves out exceptions when "a different limitation is prescribed by statute." Because wrongful death statute has its own time limitations, it would be excluded from R.C. 2305.03. We summarized our rejection of the argument that the wrongful death and medical malpractice statutes must be read as one statute:

> Given these facts, we conclude that the General Assembly did not intend to create a statute of repose for wrongful death arising out of a medical claim. Simply put, if the legislature had intended a statute of repose in this context, it would have said so either expressly in R.C. 2125.02, as was the case in the products liability context, or expressly included wrongful death in the medical malpractice statute of repose, R.C. 2305.113, as it did in R.C. 2305.131 for claims derived from unsafe conditions of real property improvement.

*Id.* at ¶ 29.

**{¶18}** We identified a lengthy but non-exhaustive list of the differences in the statutory and procedural requirements that differentiate a wrongful death action from a medical malpractice action. After identifying at least eight differences between the two claims, we found that there was no reason to believe that the General Assembly did not also intend a different treatment of wrongful death and medical malpractice claims for purposes of the statute of repose. *Id.* at ¶ 30.

{¶19} Next the Mount Carmel Defendants argue that the Supreme Court of Ohio's decision in *Antoon*, *infra*, "strongly indicates" that a wrongful death action premised upon a medical claim is subject to the statute of repose in R.C. 2305.113(C). They also argue that appellate court decisions from the Eighth and Third Districts, *Fletcher, infra*, and *Smith, infra* also support the trial court's judgment. However, in *Everhart* we examined *Antoon* and two other Supreme Court of Ohio decisions and found that, contrary to appellees' argument, they did not support the position that the statute of repose should be expanded to wrongful death claims:

> While it is evident that *Ruther*, *Antoon*, and *Wilson* offer a well-supported body of case law that a medical malpractice claim is barred after the four-year statute of repose has expired, the Supreme Court has never expanded such a preclusion to Ohio's wrongful death statute, R.C. 2125.02. While the rationale provided by the General Assembly for creating a statute of repose for medical malpractice claims could apply to wrongful death, that does not mean the legislature, in fact, created one in this context. Accordingly, we find these cases distinct as none of them address whether a wrongful death case is a medical claim for purposes of barring a claim under the medical malpractice four-year statute of repose.

*Id.* at ¶ 33, discussing *Ruther v. Kaiser,* 143 Ohio St.3d 408, 2012-Ohio-5686; *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432; and *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827.

{¶20} In addition, we examined *Fletcher* and *Smith* as well as the Fifth District's decision in *Mercer, infra.* We found that *Fletcher* did not address the question of whether the medical malpractice statute of repose encompassed a cause of action for wrongful death that arises from a medical claim. And, we found that the courts in *Smith* and *Mercer* erroneously focused their analyses on the medical malpractice statute, R.C. 2305.113(C), instead of the wrongful death statute, R.C. 2125.02. *Id.* at ¶ 35-50, discussing *Fletcher v. Univ. Hosps. Of Cleveland,* 8th Dist. No. 88573, 2007-Ohio-2778; *Smith v. Wyandot Mem. Hosp.,* 3d Dist. No. 16-17-07, 2018-Ohio-2441; and *Mercer v. Keane,* 5th Dist. No. 20CA0013, 2021-Ohio-1576. We rejected the Third and Fifth District Courts of Appeals' analysis finding it "not only ignores the General Assembly's limited statute of repose in the wrongful death context, but it is in contravention of the plain language of R.C. 2125.01." *Id.* at ¶ 50.

{¶21} Linda Wood died on September 4, 2016. James Wood brought his wrongful death claim against the Mount Carmel Defendants within two years of her death on August 31, 2018. Because the medical malpractice statute of repose in R.C. 2305.113(C) does not apply in this case, the trial court erred in finding that he was barred from pursuing his wrongful death claim.

{¶22} Appellant's sole assignment of error is sustained.

## IV.  Conclusion

{¶23} We sustain Wood's sole assignment of error and reverse and remand this case to the Franklin Count Court of Common Pleas for further proceedings consistent with law and this decision.

*Judgment reversed*; *cause remanded.*

LUPER SCHUSTER and DORIAN, JJ., concur.

_____